IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ROY LEE ROBERTS, JR.,<br><br>*Defendant.* | Case No. 21-CR-180-DCJ |

## GOVERNMENT'S TRIAL BRIEF

COMES NOW the United States of America, by and through Christopher J. Wilson, United States Attorney, and Edith A. Singer, Assistant United States Attorney, and respectfully submits its brief for trial in the above-captioned case.

## STATUS OF THE CASE

A. A jury trial is currently set for May 16, 2022, at 9:00 a.m. before the Honorable David C. Joseph.

B. Estimated time for trial (including jury selection) is 3 days.

C. The defendant is in custody.

D. Trial by jury has not been waived.

E. The government expects to call approximately 8 witnesses.

F. An interpreter is not needed.

G. The parties have not reached any stipulations at this time, nor have the parties yet discussed the possibility of pre-admitting exhibits. The United States is interested in doing so.

H. The defendant has not given the government notice of any affirmative defense. The defendant has not provided the government with any discovery.

## FACTUAL OVERVIEW

In December of 2019, Melanie Henry, the guardian of R.R. and A.R., contacted law enforcement relating to recent disclosures by R.R. of sexual abuse by his father, the Defendant. As a result, Leflore County DHS conducted child forensic interviews of R.R. and A.R.. During those interviews, R.R. disclosed specific acts of sexual abuse, but A.R. did not disclose any acts of sexual abuse.

During the interview of R.R., he described that the abuse occurred in his grandfather's home in Krebs where he resided with his dad after his mother was killed in a crash, and before he and his siblings were discovered in a car and removed from his dad. Melanie Henry and/or a representative from the Oklahoma Department of Human Services will clarify that R.R.'s mother was killed on or about December 9, 2017, and that R.R. was removed from his father's care in Oklahoma City, Oklahoma, on or about September 4, 2019.

During the interview, R.R. disclosed his dad touched his penis with his hands and was visibly upset while discussing the incident. R.R. also disclosed his dad made him touch his dad's penis with his hands and made him put his mouth on his dad's penis. R.R. stated that after his dad made him touch him, his dad put his penis on his butt. He stated his dad did not insert his penis into his butt and that he thought it was because he was too small. He commented his dad's penis felt wet and his dad wiped himself off on him. He said the abuse occurred as he was by his bed, his dad had him squat down, and then his dad placed his penis on his butt. R.R. demonstrated what occurred to the interviewer. When R.R. was asked if anything came out of his dad's penis, he responded he was not sure, but he felt something wet on the floor afterwards. R.R. further said that his dad told him not to tell anyone and to keep the abuse a secret. He stated the abuse occurred at

night when everyone was asleep. He added he was asked by his dad to do "it" again, to which he responded, "No." R.R. also said his dad told him he was going to make him perform sexual acts with his sister.

Later during the interview, R.R. was asked if his dad ever put his dad's hands or his dad's mouth on his penis to which he responded, "Yes". He became visibly upset and began to cry while describing the incident and stated it was the same night as when his dad made him touch him. R.R. continued to describe the carpet being wet and this time, he said he thought it was because something came out of his dad's penis. He stated part of the floor was wet, not clean, and there was a stain afterwards. R.R. also described another incident in which his dad placed a disc into the tv and made him watch a video "where there were people learning how to do the things" his father "had made him do."

Thereafter, a child forensic interview of C.R. was conducted, as well as a follow-up interview. C.R. described his dad engaging in a "threesome" with C.R. and B.R.. During that encounter, when C.R. was 12 or 13 years old, he described his dad demonstrating for him how to perform various sex acts and at one point, his dad placed his mouth on C.R.'s penis. C.R. described moving and telling his dad to stop which made his dad angry. C.R. described his dad leaving the room to take a shower, and that he was angry that C.R. had rejected his sexual acts.

All of these events occurred in Krebs and McAlester, Oklahoma, within the Choctaw Reservation and the Eastern District of Oklahoma. The defendant is a member of the Choctaw Tribe.

**OFFENSES ALLEGED IN THE PRESENT INDICTMENT**

**Superseding Indictment (Dkt. No. 59):**

**COUNTS ONE, TWO AND THREE**

**AGGRAVATED SEXUAL ABUSE IN INDIAN COUNTRY**
**[18 U.S.C. §§ 1151, 1153, 2241(c) & 2246(2)(B) & (D)]**

The defendant is charged in Count One, Count Two and Count Three of the Indictment with Aggravated Sexual Abuse in Indian Country, in violation of Title 18, Sections 1151, 1153, 2241(c), and 2246(2)(B) & (D). In order for the defendant to be found guilty of this charge, the United States must prove each of the following elements beyond a reasonable doubt:

| | |
|---|---|
| First: | Within the special or maritime or territorial jurisdiction of the United States; |
| Second: | The defendant knowingly engaged or attempted to engage in a sexual act with R.R.; |
| Third: | R.R. had not attained the age of 12 years; |
| Fourth: | The sexual act took place within Indian country; and |
| Fifth: | The defendant is an Indian. |

Sexual act is defined as **(A)** contact between the penis and the vulva or the penis and the anus, and for purposes of the subparagraph contact involving the penis occurs upon penetration, however slight; **(B)** contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; **(C)** the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or **(D)** the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

The "territorial jurisdiction of the United States" includes Indian Country, and you are instructed that the Choctaw Nation's reservation is Indian Country and thus falls within the territorial jurisdiction of the United States.

**COUNT FOUR**

**SEXUAL ABUSE OF A MINOR IN INDIAN COUNTRY**
**[18 U.S.C. §§ 1151, 1153, 2243(a) & 2246(2)(B)]**

The defendant is charged in Count Four of the Indictment with Sexual Abuse of a Minor in Indian Country, in violation of Title 18, United States Code, Sections 1151, 1152, 2243(a), and 2246(2)(B). For the defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

First:   The defendant knowingly engaged in a sexual act with C.R.;

Second:   C.R. had attained the age of 12 years but had not attained the age of 16 years;

Third:   C.R. was at least four years younger than the defendant;

Fourth:   the offense was committed in Indian Country, within the Eastern District of Oklahoma; and

Fifth:   The defendant was an Indian.

Sexual act is defined as **(A)** contact between the penis and the vulva or the penis and the anus, and for purposes of the subparagraph contact involving the penis occurs upon penetration, however slight; **(B)** contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; **(C)** the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or **(D)** the intentional touching, not through the clothing,

of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

The "territorial jurisdiction of the United States" includes Indian Country, and you are instructed that the Choctaw Nation's reservation is Indian Country and thus falls within the territorial jurisdiction of the United States.

## FORESEEABLE ISSUES

### Rule of Sequestration

The government requests the Court instruct the witnesses for both the government and the defense to comply with Rule 615 of the Federal Rules of Evidence. The government will request that FBI Special Agent Megan Jakub be allowed to sit at counsel table as the case agent.

### Evidentiary Matters

Pursuant to Fed.R.Evid. 807, the government intends to introduce the substance of R.R.'s prior disclosures of sexual abuse to Melanie Henry and Tracy VanKooten, after R.R. has testified in this matter.

The United States anticipates, based upon a previous motion filed by defense counsel in this case, that the defense may attempt to inquire of C.R. of matters subject to protection under Federal Rule of Criminal Procedure Rule 412, Rape Shield Law. The United States is filing a Motion in Limine relating to the same, as well as other unrelated and irrelevant matters that are not admissible or proper for the jury to consider.

Defendant's Motion to Sever [Dkt. No. 68] is still pending at this time. A hearing was held in front of the Honorable Judge Robertson on April 6, 2022, regarding the same. The Court's decision in relation to that motion may impact how this matter will proceed and whether the United States will file Notices relating to Fed.R.Evid. 413/414 witnesses.

## CONCLUSION

The United States respectfully submits this Trial Brief in an attempt to anticipate the factual and legal issues which may arise at trial, and requests that the Court grant it leave to submit additional briefing should subsequent issues be identified.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/Edith A. Singer
EDITH A. SINGER, OBA #19439
Assistant United States Attorney
520 South Denison
Muskogee, OK 74401
Telephone: (918) 684-5100
Fax: (918) 684-5150
Edith.Singer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.   Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Michael Brewer, Attorney for Defendant

s/Edith A. Singer
Assistant United States Attorney