**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-180-DCJ |
| | ) | |
| ROY LEE ROBERTS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>FINDINGS AND RECOMMENDATION</u>**

This matter comes before the Court on Defendant's Motion to Sever (Docket Entry #68). United States District Judge David C. Joseph who presides over this case referred the subject Motion to the undersigned for the entry of Findings and Recommendation. To that end, this Court conducted a hearing on the Motion on April 6, 2022 with Edith Singer appearing for the Government, Michael Brewer representing Defendant, and Defendant Roberts personally appearing.

On May 13, 2021, the Grand Jury returned a three count Indictment against Defendant alleging Aggravated Sexual Abuse in Indian Country. The Indictment alleged in Counts One and Two that Defendant, an Indian, knowingly engaged in a sexual act as defined by law with R.R., a person who had not attained the age of 12 years; namely, that contact was made between the penis of R.R. and Defendant's mouth between November 19, 2017 and September 4, 2019 in violation of 18 U.S.C. §§ 2241(c), 2246(2)(B), 1151, and 1153.

Count Three maintained that between November 19, 2017 and September 4, 2019, Defendant, an Indian, knowingly engaged in a sexual act with R.R., a person who had not attained the age of 12 years, by intentionally touching the genitalia of R.R., directly and not through the clothing, with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person in violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), 1151, and 1153.

On January 25, 2022, the Grand Jury returned a four count Superseding Indictment against Defendant – again, alleging Aggravated Sexual Abuse in Indian Country as previously alleged in Counts One, Two, and Three of the original Indictment.  The Superseding Indictment, however, added Count Four alleging Sexual Abuse of a Minor in Indian Country.  Specifically, Count Four alleged that between June 8, 2016 and December 9, 2017, Defendant, an Indian, knowingly engaged and attempted to engage in a sexual act – contact between the mouth of the Defendant and the penis of C.R., a person who had attained the age of 12 years but had not yet attained the age of 16 years and is at least four years younger than the Defendant, in violation of 18 U.S.C. §§ 2243(a), 2246(2)(B), 1151, and 1153.

Through the pending Motion, Defendant seeks to separate the trial of Counts One, Two, and Three from a trial of Count Four because (1) the joinder of Counts One, Two, and Three with Count

2

Four was prejudicial to Defendant because of the different character of the incidents represented in Count Four from those represented in the previous Counts; (2) severance of Count Four with the trial of the first three Counts is required in order to secure Defendant's constitutional right to a fair trial due to the prejudice which results from the inclusion of the separate acts from Count Four in a trial of Counts One, Two, and Three. Defendant contends that bizarre nature of the occurrence represented in Count Four would taint the trial of the other Counts. He also asserts that the evidence to prove the first three Counts is completely separate, distinct, and disparate from the allegations represented in Count Four and that the presentation of the facts for each set of incidents in a single jury trial will necessarily be unfairly prejudicial to Defendant and deprive him of a fair trial; and (3) Fed. R. Evid. 414 does not preclude the severance of Count Four from Counts One, Two, and Three.

The joinder of offenses in a single Indictment is governed by Fed. R. Crim. P. 8(a) which provides:

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

3

If, however, the joinder is prejudicial to the defendant or the government, the remedy is provided by Fed. R. Crim. P. 14(a) which states:

> **(a)Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

For clarity in the analysis, this Court will initially consider the joinder of the charges. On the question of whether joinder of the two events into the charges in the Superseding Indictment was appropriate, the Tenth Circuit has admonished that "[t]he Court should construe 'Rule 8 . . . broadly to allow liberal joinder to enhance the efficiency of the judicial system.'" United States v. Bagby, 696 F.3d 1074, 1086 (10th Cir. 2012) quoting United States v. Price, 265 F.3d 1097, 1105 (10th Cir. 2001) abrogated on other grounds recognized United States v. Lymon, 905 F.3d 1149, 1152-53 (10th Cir. 2018). As is apparent from the language employed, the "same or similar character" requirement under Fed. R. Crim. P. 8(a) "is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'" United States v. Sapp, 835 F. Supp. 1346, 1347–48 (D. Kan. 1993) quoting U.S. v. Lindsey, 782

F.2d 116, 117 (8th Cir. 1986).

At the very least, the conduct and events alleged in the first three Counts and those alleged in Count Four are "similar." Both involved knowing and unlawful sexual contact between Defendant and minors who were related to Defendant and who were in his care or in the same residence. Moreover, the Government contends that R.R. and C.R. will corroborate the abuse of the other during the course of the trial of the charges represented in the Superseding Indictment.

Defendant attempts to identify differences between the events alleged in the first three Counts and those in Count Four to challenge their similarity.[1] The differences, however, are largely irrelevant and minor. Defendant contends the date range within which the incidents allegedly occurred and time of day of the incidents are different. The fact that the incidents are temporally separated does not affect their similarity. United States v. Thomas, 61 F. Supp. 3d 1221, 1227 (D.N.M. 2014), *aff'd in part*, 849 F.3d 906 (10th Cir. 2017) citing United States v. Coleman, 22 F.3d 126, 133 (7th Cir. 1994). Other distinctions between the incidents identified by Defendant, including the involvement of R.R.'s deceased mother, the location of the

---

1 See *Defendant's Motion to Sever* (Docket Entry #68) at p. 9.

incidents, the age of the child, the nature of the sexual act, whether other people were involved, and the use of drugs and alcohol simply have little or no bearing upon the similarity of the acts performed and the relationship of the alleged victim to Defendant – key elements to the crimes as charged. As a result, this Court concludes that the joinder of Counts One, Two, and Three with Count Four was authorized by Fed. R. Crim. P. 8(a).

The severance analysis under Fed. R. Crim. P. 14(a) is somewhat different. Defendant bears the burden to show that "the denial of severance would result in 'actual prejudice' to his defense, . . . and that this prejudice would 'outweigh' the expense and inconvenience of separate trials." United States v. Tucker, 502 F. App'x 720, 723 (10th Cir. 2012) quoting United States v. Hutchinson, 573 F.3d 1011, 1025 (10th Cir. 2009)(citations omitted). Severance is "a matter of discretion and not of right" requiring a defendant to "bear a heavy burden of showing real prejudice to his case." United States v. Woody, 469 F.Supp.3d 1163, 1170 (D. New Mexico 2020).

Defendant again argues that the allegations in Counts One, Two, and Three are factually distinct from the allegations in Count Four and that trying these charges together will be prejudicial to him and deny him a fair trial. As previously stated, the factual differences identified by Plaintiff are immaterial and will not

serve a prejudice upon Defendant's constitutional right to a fair trial.

Defendant also states that the difference in the sex acts alleged between the two incidents represented in the charges requires severance. While the sexual abuse alleged against R.R., a six year old child, "are relatively straight-forward and involve one incident," the allegations involving C.R., who was 13 years old at the time of the offense, involve on one occasion "a bizarre 'threesome'" with his step-mother and Defendant without a completed sex act upon the minor by his father. He also contends allegations of drug and alcohol use in the incident involving C.R. will necessarily make the trial much longer and the "bizarre nature" of C.R.'s allegations would cause prejudice in the trial of the allegations involving R.R.

This latter argument, often referred to as the "spillover effect" where the allegations of one charge will lead a jury to find a propensity to commit the other charge, does not require severance. The court is "not required to sever the counts simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant." United States v. Hollis, 971 F.2d 1441, 1457 (10th Cir. 1992) citing United States v. Cox, 934 F.2d 1114, 1120 (10th Cir. 1991); United States v. Taylor, 800 F.2d 1012, 1017 (10th Cir. 1986), *cert. denied,* 484

U.S. 838 (1987). Moreover, "the mere fact that a defendant may have a better chance for acquittal by separate trials of charges is not sufficient to require severance." Id. citing United States v. Valentine, 706 F.2d 282, 290 (10th Cir. 1983)(citations omitted).

Defendant has failed in his heavy burden to demonstrate actual prejudice justifying the separation of the charges for trial. The similarity of the conduct alleged has been discussed in connection with the propriety of joinder under Fed. R. Crim. P. 8(a) and applies equally to the analysis under Rule 14(a). Any "generalized prejudice" to Defendant which might arise from the inclusion of all four charges in a single trial can be remedied with the use of an appropriate limiting instruction to the jury. United States v. Thomas, 61 F.Supp.3d at 1227 citing United States v. Hutchinson, 573 F.3d at 1026.[2]

Because this Court has determined that joinder was appropriate and severance is not required, the final contention set out by Defendant in the Motion that Fed. R. Crim. P. 414 would not preclude severance need not be addressed.

---

2 Defendant's counsel's assertion at the hearing conducted on the Motion that the jury will not follow the instructions on the law provided to it by the court at trial is roundly rejected. *See* United States v. Hamilton, 587 F.3d 1199, 1219 (10th Cir. 2009) quoting United States v. Templeman, 481 F.3d 1263, 1266 (10th Cir. 2009)("Jurors are presumed to follow the judge's instruction.")

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Defendant's Motion to Sever (Docket Entry #68) be **DENIED.**

The parties are given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with a supporting brief.  Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court.

IT IS SO ORDERED this 7th day of April, 2022.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE